FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 31 2012

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

BARBARA GOFF,
Executrix of the Estate of Hubert W. Pollard                                    PLAINTIFF

VS.                    NO. 4:12-CV-553 JMM

UNITED STATES OF AMERICA,
Department of Veteran's Affairs
Eugene J. Towbin VA Hospital                                                    DEFENDANT

## COMPLAINT FOR WRONGFUL DEATH

The Plaintiff, Barbara Goff, acting in her capacity as Executrix of the Estate of Hubert W. Pollard, brings this action alleging negligence resulting in the wrongful death of Hubert W. Pollard by employees of the United States of America and in support of her claim states:

1. The Plaintiff, Barbara Goff, is the duly appointed Executrix of the Estate of Hubert Wayne Pollard.

This case assigned to District Judge _____
and to Magistrate Judge _____

2. The Plaintiff is a resident of Vilonia, Arkansas. Therefore venue is properly before this Honorable Court.

3. The decedent, Hubert Wayne Pollard, was a Veteran of the United States military, and was a resident of Faulkner County, Arkansas at the time of his death on September 2, 2010.

4. The Defendant is the The United States of America, based upon the actions of its employees with Department of Veterans' Affairs at the Eugene J. Towbin VA Hospital.

5. At all times relevant all personnel of the Eugene J. Towbin VA Hospital were acting within the scope of their duties as employees of the United States Government.

6. Jurisdiction and venue are properly before this Court pursuant to the Federal Tort Claims Act. 28 U.S.C. § 2671 et. Seq., and 28 U.S.C. § 1391(b)(2), 1331, 1346(b).

## FACTS COMMON TO ALL COUNTS

7. Hubert W. Pollard was at the Eugene J. Towbin VA Hospital located in North Little Rock, Arkansas being treated for a urinary tract infection.

8. While at the VA hospital Mr. Pollard was moved from a private room to a community room by the staff of the hospital presumably so that he could be watched twenty-four hours a day, seven days a week until his condition improved.

9. The community room was an area that allowed for the nursing station to have constant visual contact with the patients.

10. While in this community room area Mr. Pollard was able to crawl to the end of his bed and fall onto his head in the floor.

11. This action of moving Mr. Pollard to an area of the hospital wherein the Defendant employees could more easily monitor Mr. Pollard establish that the Defendant employees were concerned for the safety and wellbeing of Mr. Pollard and heightened their duty to protect him from an injury such as the one that did in fact occur.

12. Mr. Pollard's hospital bed had padded mats on the floor to each side of the bed, but no mats were present where Mr. Pollard fell out of the bed at the foot of the bed.

13. Mr. Pollard was able to pull himself to the end of the bed, despite being moved to an area of the hospital that was designed to allow for the staff to have constant visual contact of Mr. Pollard at all times, and fall to the floor.

14. The facility itself, Eugene J. Towbin VA Hospital, is a Defendant controlled facility and it failed to have an adequate number of staff present to meet the standard of care.

Defendant failed to properly train or monitor the employees so that they could meet the standard of care.

15. All employees, including, but not limited to nurses, nurses assistants, and doctors, at the Eugene J. Towbin VA hospital are employees of the United States and are acting within the scope of their employment by purporting to monitor and care for patients of the Eugene J. Towbin VA Hospital. The employees of the Eugene J. Towbin VA Hospital, who are in fact employees of the Defendant, failed to properly monitor and diligently care for Hubert W. Pollard which allowed him to fall from his bed onto his head.

16. This fall caused Mr. Pollard to suffer a subarachnoid hemorrhage that ultimately led to his death on September 2, 2010. See Certificate of Death attached hereto as Exhibit "A" and incorporated by reference herein.

17. A subarachnoid hemorrhage is injury related and common in the elderly who have fallen and hit their head, like Mr. Pollard did while the Defendant employees were tasked with watching him at the Eugene J. Towbin VA Hospital.

18. Upon information and belief the Defendant did not have adequate staff present at the VA Hospital which reduced the Defendant employee's ability to meet the applicable and necessary standard of care to prevent such injuries from happening to patients.

19. Regardless of whether an adequate number of staff was present at the facility the Defendant was negligent in its care of Hubert W. Pollard which allowed him to fall from his hospital bed.

20. The negligent and wrongful conduct of the Defendant was below the necessary standard of care and proximately caused the death of Hubert W. Pollard.

21. The Estate of Hubert W. Pollard should be awarded damages based upon the negligent and wrongful conduct of the Defendant, by and through its agents.

22. Mr. Pollard suffered greatly in the eight (8) days between the fall on August 25, 2010 and his death on September 2, 2010.

23. In his final days Mr. Pollard was forced to wear a diaper which he had never had to do before, and was not able to feed himself.

24. The Defendant's negligent and wrongful conduct that was below the necessary standard of care caused Mr. Pollard to sustain severe mental and physical pain and discomfort in the days prior to his death.

25. The Estate of Hubert W. Pollard should be awarded damages for his conscious pain and suffering prior to his death due to the negligence of the Defendant.

26. Defendant facility, The Eugene J. Towbin VA Hospital, had a duty to protect Mr. Pollard from this fall, they breached the duty by allowing it to happen, and the fall resulted in the death of Mr. Pollard after he experienced pain and suffering.

27. The employees of the Eugene J. Towbin VA Hospital had a duty to protect Mr. Pollard from this fall, they breached the duty by allowing it to happen, and the fall resulted in the death of Mr. Pollard after he experienced pain and suffering.

28. The Defendant failed to exercise reasonable care and diligence in the medical care of Hubert W. Pollard which proximately caused the death of Hubert W. Pollard.

29. The Plaintiff herein as exhausted all necessary Administrative claims pursuant to the Federal Tort Claims Act by filing claims with the Office of Regional Counsel in North Little Rock and a reconsideration request with Veterans' Affairs General Counsel in Washinton, D.C.

30. The final decision from the General Counsel of the Department of Veterans' Affairs was issued in August 2012, less than six (6) months prior to the filing of this Complaint and therefore this Complaint is timely pursuant to the Federal Tort Claims Act. 28 U.S.C. § 2401.

31. The Estate of Hubert W. Pollard suffered significant injury, damage, and loss to the death of Mr. Pollard caused by the negligent and wrongful conduct of the Defendant and should be awarded the following damages: Mr. Pollard's conscious pain and suffering, both mental and physical before death; his medical expenses; his funeral and burial expenses; lost love, care, support, comfort, protection, and assistance; attorney's fees and costs of this suit; and other reasonable and appropriate economic and non-economic damages as allowed by law.

32. The Plaintiff is requesting damages in the amount of $2,000,000.00 for the wrongful death of Mr. Pollard, the pain and suffering of Mr. Pollard, the additional medical expenses incurred by Mr. Pollard, the funeral and burial expenses incurred by the Estate, and the loss of love, care, support, comfort, and protection the heirs of the Estate suffered due to the negligent and wrongful actions of the Defendant employees by failing to properly care for and monitor Mr. Pollard while he was in the Defendant's VA facility in North Little Rock, Arkansas.

33. The acts and omissions of the Defendant employees would constitute medical neglect and establish grounds for wrongful death if the Defendant employees had been private persons and would accordingly be liable for wrongful death based upon these acts and omissions under the laws of the State of Arkansas.

WHEREFORE, the Plaintiff, BARBARA GOFF, as Executrix of the Estate of Hubert W. Pollard, respectfully requests this Honorable Court grant her the relief sought herein; for damages in the amount of $2,000.000.00 based upon the wrongful and negligent conduct of the

Defendant which resulted in the death of Hubert W. Pollard; for her attorney's fees and costs; and for any further and proper relief to which she may be entitled, in law or in equity.

        Respectfully submitted,
        BARBARA GOFF,
        Executrix of the Estate of Hubert W. Pollard,

By:    C/Shane Ethridge (09031)
       214 Hobson Avenue
       Hot Springs, Arkansas 71913
       (501) 318-1900
       (501) 318-1901 FAX
       Cshane1004@gmail.com

# STATE OF ARKANSAS
## ARKANSAS DEPARTMENT OF HEALTH
### Vital Records
### CERTIFICATE OF DEATH

TYPE / PRINT IN PERMANENT BLACK INK. SEE INSTRUCTIONS

SEP 30 2010

**1. DECEDENT'S LEGAL NAME:** Hubert Wayne Pollard
**2. SEX:** Male
**3a. DATE OF DEATH:** September 2, 2010
**3b. TIME OF DEATH:** 10:40 AM
**4. SOCIAL SECURITY NO.:** 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
**5a. AGE – Last Birthday:** 81
**6. DATE OF BIRTH:** May 18, 1929
**7. BIRTHPLACE:** Fort Townsend, Oklahoma
**8a. RESIDENCE STATE:** Arkansas
**8b. COUNTY:** Faulkner
**8c. CITY OR TOWN:** Vilonia
**8d. NUMBER AND STREET:** 3 Simpson Street
**8e. ZIP CODE:** 72173
**8g. INSIDE CITY LIMITS?:** No
**9. EVER IN US ARMED FORCES?:** Yes
**10. MARITAL STATUS AT TIME OF DEATH:** Widowed
**11. SURVIVING SPOUSE'S NAME:** None
**12a. IF DEATH OCCURRED IN A HOSPITAL:** Inpatient
**12c. COUNTY OF DEATH:** Pulaski
**12d. FACILITY NAME:** Central Arkansas Veterans Healthcare System
**12e. CITY OR TOWN:** Little Rock
**12f. ZIP CODE:** 72205
**13. FATHER'S NAME:** William Robert Pollard
**14. MOTHER'S NAME PRIOR TO FIRST MARRIAGE:** Mabel Louise Chessier
**15a. INFORMANT'S NAME:** Barbara Goff
**15b. RELATIONSHIP TO DECEDENT:** Daughter
**15c. MAILING ADDRESS:** 56 College, Vilonia, AR 72173
**16a. METHOD OF DISPOSITION:** Burial
**16b. PLACE OF DISPOSITION:** Arkansas State Veterans Cemetery
**16c. LOCATION:** North Little Rock, Arkansas
**17a. EMBALMER'S NAME:** Chris Pressler
**17b. EMBALMER'S LICENSE #:** 2303
**17d. NAME AND COMPLETE ADDRESS OF FUNERAL FACILITY:** Roller-McNutt Funeral Home 801 8th Avenue, Conway, Arkansas 72032
**17e. LICENSE #:** 024
**18a. DATE PRONOUNCED DEAD:** September 2, 2010
**18b. TIME PRONOUNCED DEAD:** 10:40 AM
**18c. NAME AND TITLE OF PERSON PRONOUNCING DEATH:** Mary Croker, M.D.
**19. WAS MEDICAL EXAMINER OR CORONER CONTACTED?:** No

### CAUSE OF DEATH

**20. PART I.**
a. IMMEDIATE CAUSE: Subarachnoid Hemorrhage — Interval: unknown
b. Delirium — Interval: unknown
c. UNDERLYING CAUSE: Urinary Sepsis — Interval: unknown

**PART II.** Other significant conditions contributing to death: Dementia

**21a. WAS AN AUTOPSY PERFORMED?:** No
**22. MANNER OF DEATH:** Accident
**23. DID TOBACCO USE CONTRIBUTE TO DEATH?:** No
**25a. DATE OF INJURY:** August 25, 2010
**25b. TIME OF INJURY:** 12:50 AM
**25c. PLACE OF INJURY:** Central Arkansas Veterans Healthcare System/NLR
**25d. INJURY AT WORK?:** No
**25e. LOCATION OF INJURY:** CAVHS/NLR, 2200 Fort Roots Drive, North Little Rock, AR 72114, Ward 1D
**25f. DESCRIBE HOW INJURY OCCURRED:** Patient got out of bed on his own and fell to the floor.

**26a. CERTIFIER:** Certifying Physician
SIGNATURE: A Reed Thompson
TITLE: MD
DATE: 9-6-10
**26b. NAME AND COMPLETE MAILING ADDRESS:** A. Reed Thompson, M.D., 4300 West 7th Street, Little Rock, AR 72205
**26c. LICENSE #:** C-4417
**27a. SIGNATURE OF REGISTRAR:** Carolyn Brewster, DIR
**27b. DATE FILED:** 09/16/10

---

THIS IS TO CERTIFY THAT THE ABOVE IS A TRUE AND CORRECT COPY OF THE CERTIFICATE ON FILE IN THE ARKANSAS DEPARTMENT OF HEALTH.

Mischelle Priebe
State Registrar

[SEAL — ARKANSAS DEPARTMENT OF HEALTH, LITTLE ROCK, ARK.]

**WARNING:** A REPRODUCTION OF THIS DOCUMENT RENDERS IT VOID AND INVALID. DO NOT ACCEPT UNLESS EMBOSSED SEAL OF THE ARKANSAS DEPARTMENT OF HEALTH IS PRESENT. IT IS ILLEGAL TO ALTER OR COUNTERFEIT THIS DOCUMENT.

VR-112