IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

ROBERTA MANDARICH,
Executrix of the Estate of
Hubert W. Pollard                                                               PLAINTIFF

vs.                             Case No. 4:12CV00553 JM

UNITED STATES OF AMERICA                                           DEFENDANT

ORDER

This is an action for wrongful death brought pursuant to the Federal Tort Claims Act. Pending before the Court is the United States' motion for summary judgment (Docket No. 17). The plaintiff, Roberta Mandarich, Executrix of the Estate of Hubert W. Pollard ("Mandarich"), has responded, and the United States has replied. For the reasons stated below, the Court is granting the United States' motion for summary judgment.

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp.v. Catrett*, 477 U.S. 317, 322 (1986). The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is
> a need for trial -- whether, in other words, there are genuine factual
> issues that properly can be resolved only by a finder of fact
> because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The material facts are not in dispute. Mr. Pollard, age 81, was a patient at the Towbin Healthcare Center being treated for a urinary tract infection, with an underling diagnosis of post-traumatic stress disorder and dementia. He was moved from the general dayroom directly across

from the nurses' station so that he could be monitored and cared for more closely. A nurse's aide left Mr. Pollard alone on August 25, 2010, and he pulled himself to the end of the bed and fell to the floor. As a result of his fall, he suffered a subarachnoid hemorrhage that led to his death on September 2, 2010. The complaint alleges that Mr. Pollard's death was caused by inadequate staffing and the negligence of the government employees.

In response to the United States' motion for summary judgment, Mandarich concedes that her claim of insufficient staffing falls within the discretionary function exception as argued by the United States and that the United States is immune from suit on those claims pursuant to 28 U.S. C §2680. Summary judgment is, therefore, granted on Mandarich's claims of insufficient staffing.

The remaining issue is whether the injury suffered by Mr. Pollard was the result of ordinary negligence, which would not require expert testimony to prove, or medical negligence, which would require proof from an expert. Ark. Code Ann. §16-114-206. A "medical injury" is defined as:

> any adverse consequences arising out of or sustained in the course of the professional services being rendered by a medical care provider, whether resulting from negligence, error, or omission in the performance of such services; or from rendition of such services without informed consent or in breach of warranty or in violation of contract; or from failure to diagnose; or from premature abandonment of a patient or of a course of treatment; or from failure to properly maintain equipment or appliances necessary to the rendition of such services; or otherwise arising out of or sustained in the course of such services.

Ark.Code Ann. § 16–114–201(3).

The Arkansas Supreme Court has determined that "in order to constitute a 'medical injury' under the Medical Malpractice Act, the injury must be the result of (1) a professional service, 2) a doctor's treatment or order, or (3) a matter of medical science." *Paulino v. QHG of*

*Springdale, Inc.,* 386 S.W.3d 462, 467 (Ark. 2012). In reaching its determination, the court examined four earlier decisions, including *Sexton v. St. Paul Fire & Marine Ins. Co.,* 631 S.W.2d 270 (Ark. 1982). In *Sexton*, the court held that "[a] hospital is required to consider the patient's capacity to care for himself and to protect the patient from dangers created by his weakened condition. Providing a safe environment for patients is within the scope of the professional services by a hospital." *Id.* at 272. In reaching this decision, the *Sexton* court considered analogous cases from other jurisdictions in which the decision of whether to raise bedrails for a patient was held to involve the expert judgment of the heath care provider and was, therefore, a medical injury requiring proof from an expert. *Id.* at 272.

In light of these decisions, the Court finds that the type of monitoring required to protect Mr. Pollard from injury given his physical and mental condition at the time of his fall would require the expert judgment of a health care provider. Therefore, the injury he suffered was a medical injury pursuant to the Arkansas Medical Malpractice Act, and Plaintiff would be required to presents expert testimony to prove her claim of negligence. Plaintiff disagrees that this is a medical injury and has acknowledged that she has no expert witness. Thus, in light of the Court's determination, she cannot meet her burden of proof, and the United States' Motion for Summary Judgment (Document No. 17) is granted.

IT IS SO ORDERED this 16th day of October, 2014.

_____
James M. Moody Jr.
United States District Judge